Michael Lowry, OSB # 214010
Wilson Elser Moskowitz
Edelman & Dicker LLP
6689 Las Vegas Blvd. South
Suite 200
Las Vegas, NV 89119
p. (702) 727-1400
f.  (702) 727-1401
michael.lowry@wilsonelser.com
*Attorneys for Plaintiff/Stakeholder*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY,<br><br>          Plaintiff/Stakeholder<br><br>v.<br><br>JOSHUA ELBERT NELSON and BOBBI LYNN NELSON,<br><br>          Defendants/Claimants. | Case No.   6:22-cv-1390<br><br>**COMPLAINT FOR INTERPLEADER AND OTHER EQUITABLE AND DECLARATORY RELIEF** |

Plaintiff/Stakeholder Principal Life Insurance Company, by its undersigned counsel, for its Complaint for Interpleader and Other Equitable and Declaratory Relief pursuant to 29 U.S.C.§1335 against Defendants/Claimants Joshua Elbert Nelson and Bobbi Lynn Nelson (collectively "Claimants") states as follows:

### I.      NATURE OF ACTION

1.1     This is an action in interpleader by Plaintiff/Stakeholder Principal Life Insurance Company ("Principal Life") pursuant to 28 U.S.C. §1335 for a discharge of Principal Life's liability with respect to life insurance and accidental death insurance benefits due as a result of the death of Timothy Nelson ("Decedent") who participated in his employer's employee welfare

COMPLAINT FOR INTERPLEADER AND OTHER EQUITABLE
AND DECLARATORY RELIEF – Page 1

benefit plan ("Plan") with group life and accidental death benefits insured by Principal Life pursuant to the terms of a group insurance policy.

## II.  PARTIES

2.1  Plaintiff/Stakeholder Principal Life is an insurance company incorporated under the laws of Iowa with its principal place of business in Des Moines, Polk County, Iowa.

2.2  Defendant/Claimant Joshua Elbert Nelson ("Joshua") is the son of the Decedent, and upon information and belief, is a citizen and domiciled in Linn County in the State of Oregon.

2.3  Defendant/Claimant Bobbi Lynn Nelson ("Bobbi") is the daughter of the Decedent, and upon information and belief, is a citizen and domiciled Solano County in the State of California.

## III.  JURISDICTION AND VENUE

3.1  This Court has original jurisdiction over this matter pursuant to 29 U.S.C. §1335 in that there are two claimants of diverse citizenship and the life insurance benefits at issue are in an amount in excess of $500.00.

3.2  This Court also has jurisdiction over this matter pursuant to 28 U.S.C. §1331, 29 U.S.C. §§1001, 1132 in that the Plan and group insurance policy are both subject to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et seq.* ("ERISA").

3.3  Venue is proper in this jurisdiction pursuant to 28 U.S.C. §§1391 and 1397 because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this jurisdiction and at least one of the claimants resides within this jurisdiction.

## IV.  FACTUAL BACKGROUND

4.1  Incident to his employment with Panther Air LLC ("Panther"), Decedent enrolled for life and accidental death coverage under Panther's Plan on March 18, 2018.

COMPLAINT FOR INTERPLEADER AND OTHER EQUITABLE
AND DECLARATORY RELIEF – Page 2

275549268v.1

4.2 Effective April 1, 2018, the Plan's basic life and basic accidental death insurance benefits were funded by a group insurance policy, No. GL 1091260 ("Group Policy") issued by Principal Life to Panther. A true and correct copy of the Group Policy is attached hereto as **Exhibit A**.

4.3 On March 16, 2019, Decedent died as a result of blunt force head injuries. The manner of death was qualified as a homicide. A true and correct copy of the death certificate is attached hereto as **Exhibit B**.

4.4 Decedent's son, Joshua, was arrested and charged in connection with the death of his father. The case is pending in Linn County, Case No. 19CR18218.

4.5 Under the terms of the Group Policy issued by Principal Life to Panther and on account of the death of Decedent, whose life was insured under the Group Policy, Principal Life became obligated to pay life insurance benefits due in the amount of $25,000. To the extent Decedent's death was accidental under the terms of the Group Policy, Principal Life would additionally be obligated to pay accidental death benefits in the amount of $25,000.

4.6 Decedent did not designate any beneficiaries for his life and accidental death insurance and in accordance with the Group Policy, Decedent's children, Bobbie and Joshua, are the beneficiaries in equal parts. (Ex. A, Part IV, Section A, p. 2)

4.7 On or around September 16, 2019, Bobbi made a claim under the Plan. A true and correct copy of Bobbi's Life Claim Form is attached hereto as **Exhibit C.**

4.8 Principal Life paid her share of the life insurance benefits in the amount of $12,500.00 on or around September 19, 2019.

4.9 At the time of the filing of this lawsuit, Principal Life's claim review pertaining to Joshua's portion of the group life insurance benefit has not been completed and the remaining life

insurance benefits are held due to the ongoing criminal prosecution into Joshua's involvement in Decedent's death in accordance with the terms of the Group Policy. (Ex. A, Part IV, Section A, p. 1)

## V. COUNTS FOR RELIEF

### COUNT I

### INTERPLEADER RELIEF

5.1     Principal Life restates, realleges and incorporates its preceding allegations as if fully set forth herein.

5.2     Principal Life is willing to pay the life insurance benefits due and owing on account of the death of the insured Decedent pursuant to the provisions of the Group Policy and applicable law.

5.3     The criminal prosecution of Joshua in connection with Decedent's death has not yet been concluded and the facts surrounding same are neither clear nor has it been clarified whether Joshua acted in self-defense.

5.4     The Group Policy provides that "[i]f a beneficiary is found guilty of the [insured participant's] death, than such beneficiary may be disqualified from receiving" any Proceeds under the Group Policy (Ex. A, Part IV, Section A, p. 2), and payment may be made to either "the contingent beneficiary or to the administrator or executor of the […] estate" of the insured participant. (Id.)

5.5     Moreover, federal common law similarly prevents a "slayer" from receiving life insurance benefits due to a defendant's unlawful conduct. *See, e.g., Standard Ins. Co. v. Coons*, 141 F3d 1179, 1179 (9th Cir 1998) (recognizing that a federal slayer law exists within federal common law and applies to ERISA cases).

5.6    Given the ongoing criminal proceeding and the Group Policy's language as well as federal common law, Principal Life cannot safely pay out the remaining portion of the life insurance benefits to Joshua.

5.7    Principal Life has been and continues to be unable to determine the proper recipient of the life insurance benefits under the Group Policy and is unable to discharge its admitted liability without exposing itself to potential multiple liabilities, multiple litigation, or both due to the Group Policy's language and federal common law.

5.8    Principal Life is an innocent and disinterested stakeholder, and as such, should not be compelled to become involved and to have to determine to whom the Proceeds are payable.

5.9    Principal Life has filed this Interpleader Complaint out of its own free will and requests that this Court determine in accordance with the Group Policy language and federal common law the proper recipient of the life insurance benefits at issue in this matter.

## COUNT II

### DECLARATORY JUDGMENT PERTAINING TO THE ACCIDENTAL DEATH BENEFITS

5.10    Principal Life restates, realleges and incorporates its preceding allegations as if fully set forth herein.

5.11    The Group Policy's accidental death benefits require that the insured Decedent was:

(a)    injured while insured under the Group Policy; and that

(b)    the injury was due to external, violent and accidental means; and

(c)    the direct and sole cause of his death.

(Ex. A, Part IV, Section B p. 1)

5.12    Benefits are not due for any loss which is the result of:

(a)    Willful self-injury or self-destruction; or

COMPLAINT FOR INTERPLEADER AND OTHER EQUITABLE
AND DECLARATORY RELIEF – Page 5

  (b) Voluntary participation in an assault, felony or criminal activity.

(Ex. A, Part IV, Section B, p. 5)

  5.13 In the ongoing criminal prosecution, Joshua submitted a notice of self-defense, claiming that the Decedent had assaulted him, but upon information and belief, has subsequently withdrawn it.

  5.14 The criminal prosecution of Joshua in connection with Decedent's death has not yet been concluded and the facts surrounding same are neither clear nor has it been clarified whether Joshua acted in self-defense.

  5.15 Given the ongoing criminal proceeding, Principal Life is unable to determine whether Decedent's death was accidental pursuant to the terms of the Group Policy and whether any accidental death benefits are due and owing.

## RELIEF SOUGHT

WHEREFORE, Plaintiff/Stakeholder Principal Life Insurance Company asks for the following relief:

  a. That this court grant leave to Principal Life to deposit the remaining portion of the life insurance benefits in the amount of $12,500.00 due under the Group Policy into the registry of this Court, until the issue of entitlement to the Proceeds is adjudicated;

  b. That this Court determine whether any accidental death benefits are due under the Group Policy and grant leave to Principal Life to deposit Joshua's portion of the accidental death benefits in the amount of $12,500.00 into the registry of the Court if it finds that Decedent's death was accidental under the Group Policy;

  c. That the Defendants/Claimants Bobbi Lynn Nelson and Joshua Nelson are enjoined from instituting or prosecuting against Principal Life any proceeding in any state or federal court or administrative tribunal affecting any benefits due under the Group Policy and on account of the death of Timothy Nelson and that said injunction issue without bond or surety;

  d.  That the Defendants/Claimants, and each of them, be required to make full and complete answer to the Complaint for Interpleader and Declaratory relief and to set forth to which of them any part of the benefits rightfully belong and how they make their claims thereto;

  e.  That this Court determine and declare the rights of the Defendants/Claimants, and each of them, to the benefits due and owing under the Group Policy;

  f.  That the Court discharge Principal Life of and from any and all liability for any life and accidental death insurance benefits payable on account of the death of Timothy Nelson;

  g.  That this Court excuse Principal Life from further attendance upon this cause and dismiss Principal Life from this case with prejudice;

  h.  That this Court grant Principal Life such other and further relief as this Court deems just and equitable including its attorneys' fees incurred in filing and prosecuting this Complaint for Interpleader and Declaratory Relief, said sum to be deducted from the amount due and owing under the Group Policy.

Dated this 14th day of September, 2022

        Respectfully Submitted,

        **PRINCIPAL LIFE INSURANCE COMPANY, Plaintiff/Stakeholder**

        By: _/s/Michael Lowry_
          Michael Lowry, OSB # 214010
          Wilson Elser Moskowitz
           Edelman & Dicker LLP
         6689 Las Vegas Blvd. South
         Suite 200
         Las Vegas, NV 89119
         p. (702) 727-1400
         f.  (702) 727-1401
         michael.lowry@wilsonelser.com